# ELIAS LYMAN
# v.
# JANE OTLEY.

*Real Property—Contract for Sale of.*

This court affirms the judgment for the plaintiff in an action brought under an alleged contract for the sale of real estate, the evidence being conflicting, and the instructions without error.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Henry County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. CHARLES C. WILSON and WILLIAM LAWSON, for appellant.

Messrs. DUNHAM & FOSTER, for appellee.

MR. JUSTICE HARKER. Appellant foreclosed three mortgages which he held upon a farm of 400 acres situated in Bureau and Henry counties belonging to George Otley. At the foreclosure sale he became the purchaser. Otley was at the time living upon the premises with his family. Appellant then entered into a written contract with appellee, the wife of George Otley, whereby he agreed to convey to her the land upon payment of $24,713.23, the total amount then due him, $2,000 of which was to be paid in cash and the balance in ten years, with interest at the rate of eight per cent, payable annually. The date of this contract was January 13, 1884. The cash payment of $2,000 was made and the Otleys continued to reside upon the place. Full payments of annual interest on the deferred payment were promptly made as they fell due until 1889, when appellee began falling behind in her payments and continued to pay but a portion of the interest as it fell due.

Early in April, 1890, the contract was surrendered and a one-year's lease executed to appellee and her two sons, payments of rent to be made partly in grain and partly in cash.

Appellee claimed that at the time she leased the premises appellant agreed that if she would find purchasers for the farm within the term of the lease he would allow her all over the sum of $25,580.81, for which she could sell the farm. She caused the land to be advertised for sale in several newspapers, and she and her sons made considerable effort to secure purchasers. Shortly before the expiration of the lease a purchaser was found for the 160 acres in Bureau county at $68 per acre and purchasers for the 240 acres in Henry county at $65 per acre. She claims that appellant was notified of the proposed purchases and requested to execute a deed to them, which he refused to do.

In a suit upon the alleged contract appellee recovered a judgment for $800. Upon the grounds that the verdict is against the evidence, that the court gave improper instructions and refused others that were proper, appellant seeks a reversal.

It must be conceded that to entitle appellee to recover it devolved upon her to show by a preponderance of the evidence, first, that there was a contract between the parties for her to sell the land; second, that she sold it according to the terms of the contract; third, that she notified him of the sale and that he refused to convey.

That there was such a contract she testified positively. That purchasers were procured, that appellant was notified and applied to for a deed, and that he refused to convey, two of appellee's sons testified. Appellant contradicted appellee, testifying positively that there was no agreement for her to sell. He also contradicted the two sons as to their testimony that he was applied to for a deed and refused to convey. He was corroborated by Ira Blake, his agent, in his denial of a contract for appellee to sell. At the time when appellee claims the contract was first spoken of and its terms substantially settled upon, the only persons

present were herself, appellant and Blake. Appellee and her two sons testified that a few days afterward, when the lease was drafted and delivered, the terms of the contract authorizing her to sell were rehearsed and assented to by Blake. They were contradicted by Blake and a witness who drafted the lease. Although appellant claimed that Blake had no authority to agree to or make any terms authorizing appellee to sell, appellee testified that appellant told her that when she transacted business with Blake, it was all right; that he was authorized to act for him, and whatever he did would be satisfactory. If such statement was made to her, then any agreement made by Blake on the day the lease was executed in furtherance of any previous proposition or understanding for her to sell, within the terms of the lease, was binding on appellant.

It is impossible to reconcile the testimony of the parties and the witnesses introduced to sustain them. The case is one falling peculiarly within the province of a jury. We can not say they reached an improper conclusion.

The second and third instruction given for appellee are not open to the criticism that they are misleading and assume as facts matters in dispute. The court committed no error in refusing instructions offered by appellant. The refused ones which announced correct principles of law and were applicable to the case were sufficiently covered by others.

Perceiving no error in the record, the judgment will be affirmed.                    *Judgment affirmed.*